UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY TANKSLEY, | No. 2:14-cv-1708-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| SUTTER GENERAL HOSPITAL, et al., | |
| Defendants. | |

Plaintiff Moody W. Tanksley, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

9  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

10  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

13  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

16  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

17  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

18  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

19  U.S. 232, 236 (1974).

20    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

21  (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

22  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma*

23  *pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll

24  v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25    Here, plaintiff's handwritten complaint is in large part illegible, but plaintiff appears to

26  allege that he was referred to Sutter General Hospital after he called 911 regarding various

27  medical impairments.  After arriving at Sutter General Hospital around midnight on June 1, 2014,

28  plaintiff was apparently, after verbal warnings, physically removed (along with his wheelchair

1 and personal effects) to the parking lot by Sutter General Hospital security officers and/or City of
2 Sacramento police officers, because the officers stated that plaintiff was never medically
3 registered at the Sutter General Hospital emergency room.  Plaintiff states that he is bringing a
4 claim under 42 U.S.C. § 1983 based on violation of his constitutional rights by Sutter General
5 Hospital security officers and/or City of Sacramento police officers.

6      Plaintiff's complaint, to the extent that it is intelligible, does not remotely allege sufficient
7 facts from which the court can draw a reasonable inference that a constitutional violation of some
8 sort occurred.  Indeed, plaintiff does not even identify a particular constitutional right that was
9 purportedly violated.  Based on the facts alleged at this juncture, it appears that plaintiff was
10 removed from the hospital simply because he did not properly register as a patient and was
11 considered to be loitering.  It is also far from clear whether plaintiff is attempting to sue the
12 individual officers involved, the entities employing them (Sutter General Hospital and/or the City
13 of Sacramento), or all of the above.

14      In light of plaintiff's *pro se* status, and because it is at least conceivable that plaintiff could
15 allege additional facts to potentially state a 42 U.S.C. § 1983 claim, the court finds it appropriate
16 to grant plaintiff an opportunity to amend the complaint.

17      If plaintiff elects to file an amended complaint, it shall be captioned "First Amended
18 Complaint"; shall clearly identify the persons or entities named as defendants; shall clearly
19 identify the type of claim(s) brought; and shall be typed or written in legible handwriting.

20      Importantly, nothing in this order requires plaintiff to file a first amended complaint.  If
21 plaintiff concludes that he is unable to state a viable claim or no longer wishes to pursue this
22 action, he may instead file a notice of voluntary dismissal of the action without prejudice.

23      Accordingly, IT IS HEREBY ORDERED that:
24      1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
25      2. Plaintiff's complaint is dismissed, but with leave to amend.
26      3. Within 28 days of this order, plaintiff shall either (a) file a first amended complaint in
27         accordance with this order or (b) file a notice of voluntary dismissal of the action
28         without prejudice.

4. *Failure to file either a first amended complaint or a notice of voluntary dismissal of the action by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

IT IS SO ORDERED.

Dated: September 5, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE