UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY TANKSLEY,<br><br>   Plaintiff,<br><br>   v.<br><br>SUTTER GENERAL HOSPITAL, et al.,<br><br>   Defendants. | No.  2:14-cv-1708-JAM-KJN PS<br><br><br><br>ORDER |

Plaintiff Moody Tanksley, who proceeds without counsel and *in forma pauperis*, initially commenced this action on July 21, 2014.  (ECF No. 1.)[1]  On September 8, 2014, the court dismissed plaintiff's original complaint, but with leave to file a first amended complaint addressing the deficiencies outlined in the court's order.  (ECF No. 3.)  Thereafter, on September 30, 2014, plaintiff filed a first amended complaint, which remains pending before this court for screening pursuant to 28 U.S.C. § 1915.  (ECF No. 4.)

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  For the reasons discussed below, the court concludes that the action fails to state a

---

[1] Plaintiff has consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).  (ECF No. 8.)

1

claim on which relief may be granted and should be dismissed without further leave to amend.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. See,e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

However, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

*Pro se* pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a *pro se* plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

However, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). A denial of leave to amend is also appropriate if granting leave to amend would be futile. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

In dismissing plaintiff's original complaint with leave to amend, the court explained that:

> [P]laintiff's handwritten complaint is in large part illegible, but plaintiff appears to allege that he was referred to Sutter General Hospital after he called 911 regarding various medical impairments. After arriving at Sutter General Hospital around midnight on June 1, 2014, plaintiff was apparently, after verbal warnings, physically removed (along with his wheelchair and personal effects) to the parking lot by Sutter General Hospital security officers and/or City of Sacramento police officers, because the officers stated that plaintiff was never medically registered at the Sutter General Hospital emergency room. Plaintiff states that he is bringing a claim under 42 U.S.C. § 1983 based on violation of his constitutional rights by Sutter General Hospital security officers and/or City of Sacramento police officers.
>
> Plaintiff's complaint, to the extent that it is intelligible, does not remotely allege sufficient facts from which the court can draw a reasonable inference that a constitutional violation of some sort occurred. Indeed, plaintiff does not even identify a particular constitutional right that was purportedly violated. Based on the facts alleged at this juncture, it appears that plaintiff was removed from the hospital simply because he did not properly register as a patient and was considered to be loitering. It is also far from clear whether plaintiff is attempting to sue the individual officers involved, the entities employing them (Sutter General Hospital and/or the City of Sacramento), or all of the above.
>
> In light of plaintiff's *pro se* status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a 42 U.S.C. § 1983 claim, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.
>
> If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall clearly identify the persons or entities named as defendants; shall clearly identify the type of claim(s) brought; and shall be typed or written in legible handwriting.

(ECF No. 3 at 2-3.)

Plaintiff's first amended complaint is even more illegible and confusing, and fails to cure the deficiencies outlined in the court's prior order. Plaintiff vaguely alleges that staff at the Sutter General Hospital emergency room failed to treat his various medical conditions, and further adds

3

that he was at some point arrested by the Sacramento Police Department for allegedly misusing the "911" service.  Although not entirely clear, plaintiff appears to name the Sacramento Police Department and Jail, and Sutter General Hospital emergency room "staff nurses, medical doctors, security officers involved in case" as defendants.  (See ECF No. 4.)  Like the original complaint, plaintiff's first amended complaint does not remotely allege sufficient facts from which the court can draw a reasonable inference that a constitutional violation of some sort occurred.  As such, it is subject to dismissal.

The court has carefully considered whether further leave to amend should be granted.  Had plaintiff at least made some effort to cure the deficiencies identified in the court's prior order, the court would have been inclined to permit further amendment, especially in light of plaintiff's *pro se* status.  However, as noted above, plaintiff's first amended complaint is, if anything, more illegible, confusing, deficient, insubstantial, and frivolous-appearing than the original complaint.  Because plaintiff has already previously been provided with notice of the complaint's deficiencies and an opportunity to amend, and because plaintiff's first amended complaint strongly suggests that granting further leave to amend would be futile, the court dismisses the action with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The action is dismissed with prejudice.

2. The Clerk of Court shall vacate all dates and close this case.

IT IS SO ORDERED.

Dated:  October 22, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE